(No. 4220— )

HARVE CARTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

R. W. HARRIS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant was employed by the Department of Public Welfare at the Illinois Security Hospital as a guard with earnings of $2,640.00 in the year preceding his injury.

Claimant injured his right ankle on November 19, 1948, as the result of a fall on the steps of a metal stairway, while making a count of the inmates. He slipped off of the top step, and fell down four or five steps. X-Ray pictures taken by Dr. May showed no broken bones. Dr.

Alonzo N. Baker testified that he examined claimant on January 15, 1949, and found considerable swelling over the outside bones of claimant's right ankle, and that the ankle was quite tender on pressure. On October 8, 1949, Dr. Baker again examined claimant, and found the same swelling condition of the right ankle. Dr. Baker further testified that the ligaments that hold the tip of the tibia in position to keep it from moving back and forth were torn loose, causing this swelling, and that at claimant's age of 66 this condition would become permanent.

Claimant at the time of the injury was 66 years of age. He did not take any time off, and was paid full wages for his services by the respondent until he terminated his employment on February 28, 1949. From the medical testimony of Dr. Alonzo N. Baker and the personal examination of claimant's ankle by Commissioner Summers of the Court of Claims, we are of the opinion that the claimant has suffered a 10 per cent permanent partial loss of use of his right foot caused by the injury to his right ankle.

The record consists of the complaint, departmental report and the transcript of evidence.

No jurisdictional questions were raised.

An award is, therefore, entered in favor of claimant for a 10 per cent permanent partial loss of use of his right foot for which he is entitled to be paid 13½ weeks at the compensation rate of $19.50 per week, being the maximum of $15.00 increased 30 per cent, the injury having occurred subsequent to July 1, 1947, amounting to the sum of $263.25, all of which has accrued and is payable forthwith.

Gray Brewer was employed to take and transcribe the testimony at the hearing before the Commissioner, for which he made a charge of $58.06. We find this sum

reasonable, customary and fair for the services rendered. An award is hereby entered in favor of Gray Brewer in the sum of $58.06.

These awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."